UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:11-cv-120

DOUGLAS HALL, II, as
*Administrator and Personal Representative*
*of Douglas C. Hall's Estate*,　　　　　　　　　　　　　　　　　PLAINTIFF,

v.　　　　　　　　　　**OPINION AND ORDER**

WESTFIELD INSURANCE COMPANY and
BOBBY VANOVER, as
*Administrator of Justin C. Vanover's Estate*,　　　　　　　　　DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiff's Motion to Remand [DE 5]. The issue in this case is whether the nondiverse estate named in this action is a "nominal" defendant whose citizenship should be disregarded for purposes of determining diversity jurisdiction. Because the estate is not a nominal party, the Motion to Remand must be granted.

**I.　　Facts.**

The Plaintiff files this action as the administrator and personal representative of the estate of Douglas C. Hall who died after a traffic accident. The Plaintiff asserts that Hall's death was caused by the negligence of Justin C. Vanover, the driver of the other vehicle involved in the accident. Vanover also died after the accident.

The Plaintiff originally filed this action in Pike Circuit Court against Westfield Insurance Company ("Westfield") and Bobby Vanover, as the administrator of Justin C. Vanover's estate (the "Vanover Estate"). The Plaintiff asserts a wrongful death claim

against the Vanover Estate.

The other defendant, Westfield Insurance Company, was Hall's insurer at the time of the accident. Hall's coverage included underinsured motorist's coverage ("UIM"). The Plaintiff asserts that Justin C. Vanover did not have sufficient insurance coverage to compensate Hall's estate for the damages Hall sustained as a result of the accident. The Plaintiff asserts a claim against Westfield for UIM benefits.

Westfield removed the action to this Court, asserting that this Court has diversity jurisdiction. The Plaintiff followed with a motion to remand the action to Pike Circuit Court.

**II.     Analysis.**

The federal removal statute, 28 U.S.C. § 1441, grants defendants in civil suits the right to remove cases from state courts to federal district courts when the latter would have had original jurisdiction. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time the notice of removal is filed. *Id*.

The Plaintiff and the Vanover Estate are both Kentucky citizens. In its Notice of Removal, Westfield argues that this Court nonetheless has diversity jurisdiction over this action because the Vanover Estate is a nominal party and, thus, its citizenship should be disregarded for purposes of determining whether this Court has diversity jurisdiction.

For this argument, Westfield cites *Maiden v. North American Stainless, L.P.*, 125 Fed. App'x 1 (6th Cir. 2004), in which the court stated that, "[i]n determining whether complete diversity exists, 'a federal court must disregard nominal or formal parties and

rest jurisdiction only upon the citizenship of the real parties to the controversy.'" *Id*. at *2 (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).

A real-party-in-interest plaintiff is "the person who is entitled to enforce the right asserted under the governing substantive law." *Id.* (quoting *Certain Interested Underwriters at Lloyd's of London v. Layne*, 26 F.3d 39, 42-43 (6th Cir.1994)). A real-party-in-interest defendant is "one who, by the substantive law, has the duty sought to be enforced or enjoined." *Sun Oil Co. of Pennsylvania v. Pennsylvania Dept. of Labor & Industry*, 365 F.Supp. 1403, 1406 (E.D. Pa. 1973). A nominal party "is one who has no interest in the result of the suit and need not have been made a party thereto." *Maiden*, 125 Fed. App'x at *2 (quoting *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir.1952)).

Here, the Plaintiff asserts a negligence claim directly against the Vanover Estate, asserting that the Vanover Estate itself is liable for Justin C. Vanover's alleged breach of the duty of care he owed the Plaintiff. If it should be determined that Justin C. Vanover did breach that duty of care, then the Court would issue a judgment directing the Vanover Estate itself to appropriately compensate the Plaintiff. Thus, the estate is a real-party-in-interest defendant.

Westfield argues that the Vanover Estate has no interest in the result of this suit because, under KRS § 396.011(1), the estate can only be held liable for the amount of Justin C. Vanover's insurance policy limits and the estate has already offered to pay that amount to the Plaintiff. [DE 10, Response at 2, 5]. Thus, Westfield argues, because the estate has already conceded liability and has offered to pay the Plaintiff the maximum amount it could possibly be held liable for, it has no interest in the result of this litigation.

It may well be that the Vanover Estate's liability will be limited in this case. But that is irrelevant to the nominal-party analysis. In determining whether the estate is a nominal party, the question is whether the plaintiff charges that the estate itself has breached a duty owed to the plaintiff. Here, the Plaintiff makes that assertion. Thus, the estate is not a nominal party.

This case is different from *Maiden v. North American Stainless, L.P.*, 125 Fed. App'x 1 (6th Cir. 2004) which Westfield cites in its response. In that case, the plaintiff sued his employer for retaliatory discharge. In addition to his former employer, he also named the Kentucky Labor Cabinet as a defendant. The Labor Cabinet had previously filed an administrative action against the employer on the plaintiff's behalf and issued a citation to the employer demanding that the employer grant the plaintiff various relief including reinstatement and back pay. Id. at *1-2.

The court determined that the Labor Cabinet was a nominal party to the suit. The plaintiff sought only a declaration from the court that he could proceed concurrently against the employer in the civil action and in an action to recover any award granted by the Labor Cabinet. *Id*. at *2. Noting that the plaintiff was not seeking to enforce any duty owed by the Labor Cabinet to the plaintiff or to enjoin any action of the Labor Cabinet, the court determined that "[a]ny ruling for [the plaintiff] in this action would not impact the state administrative proceedings. In a word, the Labor Cabinet does not have any interest in the outcome of this litigation *Id*.

Here, in contrast, the Plaintiff is asserting a claim directly against the Vanover Estate seeking to enforce Justin C. Vanover's alleged duty of care to the Plaintiff. The dispute between the parties regarding whether the estate's liability is limited to Justin C.

4

Vanover's insurance policy limits simply makes clear that the Vanover Estate has an interest in the result of this action. Accordingly, the estate is not a nominal party and the Motion to Remand must be granted.

While the Court will grant the Motion to Remand, it does not find that the removal of this action was without a reasonable basis. Accordingly, the Court declines to award the Plaintiff attorney's fees under 28 U.S.C. § 1447(c).

For all these reasons, the Court hereby ORDERS as follows:

1) the Motion to Remand [DE 5] is GRANTED;

2) the Motion for Attorney's Fees [DE 5] is DENIED;

3) this matter is REMANDED to the Pike Circuit Court and STRICKEN from the active docket of this Court; and

4) all pending motions in this matter are DENIED without prejudice as moot.

Dated this 20th day of October, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge